IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| ROBERT PHAROAH HOWARD, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18-cv-00068 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| D. STIDHAM et al., | ) | By:   Joel C. Hoppe |
|     Defendants. | ) | United States Magistrate Judge |

Plaintiff Robert Pharoah Howard, a Virginia Department of Corrections ("VDOC") inmate filed this action under 42 U.S.C. § 1983 alleging that Defendants, various personnel at Red Onion State Prison ("Red Onion"), violated his rights under the Eighth Amendment to the United States Constitution. This matter is before me on Howard's motion for a preliminary injunction ("Motion"), ECF No. 55, which he filed after being transferred to River North Correctional Center ("River North"). As relief, Howard seeks to be transferred to a different prison facility. For the reasons below, I will deny Howard's Motion.

In his motion, Howard alleges that on June 5, 2019, at River North he was beaten for ten minutes in his cell by a fellow-inmate for refusing to pay money to a prison gang. *See* Pl.'s Mot. ¶ 1–2. He states that before the incident he was extorted by his attacker, but he did not inform his Unit Manager because "they would have called my [e]xtortioner in their office and question[ed] him about it." *Id*. at ¶ 3. After the incident, he reluctantly told his building supervisors about the dispute with the prison gang, and his Unit Manager "went right over and told [his attacker] everything that [he] told them." *Id*. at ¶ 4. Later, his attacker came to his cell door and told Howard, "'you ain't safe in A300 Pod or anywhere on this compound or any other prison.'" *Id*. He also alleges that a "[f]emale control booth officer" overheard his attacker "put a hit on [his]

1

life." *Id*. at ¶ 5. Based on these events, he asks this Court for an injunction transferring him to Augusta Correctional Center. *Id*.

Before a preliminary injunction may issue, a movant must establish four elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 19–22 (2008). A failure to establish any element is fatal. *See Real Truth about Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009). Furthermore, a preliminary injunction is "an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Hughes Network Sys. v. Interdigital Communications Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (quoting *Federal Leasing, Inc. v. Underwriteres at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981)). It requires that a court, "acting on an incomplete record, order a party to act, or refrain from acting, in a certain way." *Id*. In this vein, a preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id*. (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

Here, Howard has not alleged that any VDOC personnel at River North knew of any particular risk of harm that he faced prior to the assault. And he has not shown that any protective measures taken after the assault fail to protect him. Although Howard's description of the assault and the injuries he sustained is very concerning, his allegations in the Motion do not show a likelihood of success on the merits.

Moreover, Howard fails to draw any connection between the allegations in his Complaint and his alleged assault in June 2019. Indeed, the facts in his original pleading concern an incident with a different inmate that took place more than two years earlier at a different institution. *See Jones v. Wolfson*, No. 78 Civ. 2803, 1980 U.S. Dist. LEXIS 10481, at *2–3 (Mar. 6, 1980) (denying prisoner request for an injunction because the "allegations about the conditions of his present confinement are directed against the wrong parties.").

Accordingly, I find that Howard has failed to establish that he is entitled to a preliminary injunction, and his motion for a preliminary injunction, ECF No. 55, is **DENIED**. If Howard wishes to take legal action concerning the alleged threat to his safety, he may do so by filing a new civil action in this Court.

It is so ORDERED.

The Clerk shall deliver a copy of this Order to the parties.

ENTER: July 31, 2019

Joel C. Hoppe
United States Magistrate Judge